**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4077**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

DWAYNE LANNY CUTHRELL,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:11-cr-00212-TDS-3)

_____

Submitted:  August 16, 2012          Decided:  August 27, 2012

_____

Before AGEE, DAVIS, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Bryan Gates, Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Lanny Cuthrell appeals the district court's judgment after pleading guilty to conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2006). Cuthrell's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, that there are no meritorious grounds for appeal, but raising the issue of whether the district court abused its discretion in sentencing Cuthrell. Cuthrell was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated

2

Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In sentencing, the district court should first calculate the Guidelines range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider relevant § 3553(a) factors to determine whether they support the sentence requested by either party. Id. When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. Carter, 564 F.3d at 328, 330. In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

We have reviewed the record and conclude that Cuthrell's sentence is both procedurally and substantively reasonable, and the district court did not abuse its discretion

3

in sentencing him.  The district court properly calculated his Guidelines range, reasonably determined that a sentence within that range was appropriate in this case, and adequately explained its sentencing decision.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4